OPINION
In these consolidated appeals, appellants, W.E. Lott Company (Lott Company), W.E. Lott, Inc. (Lott, Inc.), and W.E. Lott, Sr., individually (Lott, Sr.), appeal from the judgment of the Crawford County Court of Common Pleas which ordered the filing of a judgment reflecting a settlement agreement.
In April 1998, appellants filed their complaint seeking injunctive relief against D.A. International Casting Company, and David A. and Tara Kerrigan (appellees) based on appellees' alleged breach of their agreement with appellants. Appellees filed an answer and counterclaim seeking primarily recision, restitution, and monetary damages. Upon agreement of all parties, the trial court issued an entry on October 27, 1998, in which the court consolidated the case appellees initially filed on January 23, 1998 against appellants for declaratory judgment and for preliminary injunction. The same agreement is the subject of both lawsuits. Additionally, on January 30, 1998, the appellant corporations commenced an action against appellees to obtain judgment on the cognovit note, which arose out of the agreement at issue in these consolidated actions. Pursuant to the warrant of attorney and confession of judgment, a judgment was entered in favor of the appellant corporations.
On April 27, 1999, the parties voluntarily participated in mediation of the consolidated cases. Two months later, appellees filed a motion for the trial court to enter a judgment entry reflecting that the parties had entered into a settlement agreement as a result of the mediation. With the assistance of new counsel, appellants filed a brief in opposition. Appellants asserted Lott, Sr. lacked authority to enter into any settlement with appellees on behalf of either corporation and that the settlement was only a proposal contingent upon corporate consent. Additional documents were presented to the court on this matter.
On August 20 and September 9, 1999, the trial court conducted evidentiary hearings concerning the alleged settlement agreement. The trial court concluded that Lott, Sr. had apparent authority to settle the cases on behalf of appellant corporations and on an agency-by-estoppel theory. Thus, the court rendered an order that a judgment entry settling the case was to be filed. Appellants now appeal the judgment of the trial court and raise the following assignments of error:
 I. Error in failing to follow rule of Rulli v. Fan Co., 79 Ohio St.3d 374 (1997) and Noroski v. Fallet, 2 Ohio St.3d 77
(1982), that it is not within the province of trial courts to enforce a purported settlement agreement when the substance or the existence of that agreement is legitimately disputed.
 II. Error in finding that a settlement agreement reached at a mediation conference by some, but not all plaintiffs, and by some, but not all defendants, bound other parties not present, that neither signed nor otherwise affirmed such settlement.
 III. Error in finding "apparent authority" on the part of an individual party plaintiff, the elderly W.E. Lott, Sr., to bind two corporate plaintiffs to a settlement absent any act or conduct by either corporate principal affirmatively causing the defendants to reasonably believe that Lott, Sr., had been granted authority to settle for them in their absence, and where undisputed evidence showed prior notice to the defendants that Lott, Sr., no longer had authority for the corporations.
 IV. Error in finding that individual party W.E. Lott, Sr.'s response of "I could probably sell it to the family" to the mediator's question "do I have the decision makers present" created "apparent authority" to act for other parties not present simply because counsel representing all plaintiffs remained silent as to the extent of Lott, Sr.'s authority.
 V. Error in failing to determine whether David Kerrigan reasonably relied on W.E. Lott, Sr. as having authority to settle on behalf of absent corporate parties in light of evidence of multiple prior notices to Kerrigan that he must deal only with Robert Lott, not W.E. Lott, Sr., or attorney William Eachus, on any issue involving the contract at issue.
 VI. Error in finding that the corporate party plaintiffs are estopped to deny the authority of W.E. Lott, Sr. to settle on their behalf because the corporate plaintiffs failed to attend the mediation conference.
 VII. Error in finding that the response, "I could probably sell it to the family" by an individual party, W.E. Lott, Sr., to the mediator's question "do I have the decision makers present" created "agency by estoppel," barring the absent corporate plaintiffs from denying Lott, Sr.'s authority to act for them simply because counsel for all plaintiffs remained silent and made no effort to clarify whether Lott, Sr. was speaking for himself or also for others not present.
 VIII. Error in failing to follow the principal of Ohio law that an agent cannot enlarge his own authority by an unauthorized representation as to its extent.
 IX. Error in failing to recognize that the settlement was conditional and that the condition that all parties agree to release all claims was not performed.
 X. Error in finding that "the only part (of the settlement agreement) which was unfulfilled was the accounting function."
 XI. Error in directing filing of judgment entries dismissing all claims and/or indicating satisfaction of judgment based upon partially executed settlement documents that do not even purport to contain signatures of or on behalf of corporate party plaintiff William E. Lott, Inc., that contain unauthorized signature of W.E. Lott, Sr., ostensibly on behalf of party plaintiff W.E. Lott Company, and do not contain signature for or on behalf of party defendant/counterclaim plaintiff Tara Kerrigan.
We will address appellants' assignments of error three through eight collectively as they involve the issues of apparent authority and agency by estoppel and are dispositive of this appeal.
Apparent authority has been defined as "the power to affect the legal relations of another person by transactions with third persons * * * arising from * * * the other's manifestations to such third persons." Master Consolidated Corp. v. BancOhio Natl. Bank
(1991), 61 Ohio St.3d 570, 576 (citation omitted). Thus, in order for a principal to be bound under the theory of apparent agency, the evidence must show:
 (1) [t]hat the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority.
 Id. The apparent power of an agent is to be determined by the acts of the principal and not by the acts of the agent. Id.
At the evidentiary hearing in this case, Robert Lott explained that Lott Company was a corporation founded by his father Lott, Sr., who was initially the sole shareholder and president. Robert testified that since January 1996, he and his brother, William Lott, Jr., have been the principle shareholders in Lott Company. Lott, Sr. was no longer a shareholder and since September 12, 1996, Robert stated he has served as the officers of Lott Company. At that time, Lott, Sr. became a consultant for the corporation. Robert has also identified himself as the president of Lott, Inc., a limited liability corporation, with Lott, Sr. never having an interest in such corporation.
David Kerrigan, Tara Kerrigan's husband and a grandson-in-law of Lott, Sr., had been self-employed as a sales representative of Lott Company. After David ceased working in April 1996, he and Tara formed the corporation known as D.A. International Casting Company. Thereafter, however, the parties entered into the June 22, 1996 agreement, which is the basis for the underlying litigation. The documentary evidence presented by appellants indicates that subsequently, there was an assignment by Lott Company of its interest in that agreement and the note to Lott, Inc. In a letter dated June 3, 1997, written by Robert on behalf of Lott, Inc., to the appellees, appears the following paragraph:
 1. The contract signed by the Kerrigans is entirely the property of this corporation. Mr. W.E. Lott Sr. does not own any of the corporation and therefore your letter was sent to the wrong party. In the future, please direct your correspondence to this corporation. * * *
 The facts surrounding the settlement negotiations at mediation are as follows. Robert testified at the evidentiary hearing that he was not present at the mediation, but rather permitted Lott, Sr. to attend to see what would be offered. According to Lott, Sr., when asked by the mediator whether he had authority to act or settle upon behalf of those corporations, he stated, "if we could come to some reasonable settlement, [he] probably could sell it to the family." (TR. 78). Lott, Sr. also testified that he signed the "settlement agreement" at the end of the mediation on his belief that he still had to sell that to the family. And, by appellants' own attorney's account, that was consistently his comment even after the purported settlement agreement was signed. At the mediation, Attorney Pry appeared with Attorney Eachus as corporate appellants' co-counsel, as well as on Lott, Sr.'s behalf. Attorney Pry indicated to the court that he had considered the nature of the proceedings to be nonbinding mediation. Finally, Attorney Pry testified that neither he nor Attorney Eachus made any representation when the mediator asked, "Are the decision makers here?" (TR. 97). He stated they let Lott, Sr. answer such question, which he essentially did as stated above.
Jack Olt, a son-in-law of Lott, Sr. and father of Tara Kerrigan, who was a former employee of Lott Company, was also present at the mediation. With regard to the discussion of the decision makers, Jack testified that Attorney Eachus responded to the mediator that the decision makers were there. Jack thought that a settlement had been reached at the time. David Kerrigan reported similar action by the "Lott group" to the trial court.
We observe that the trial court found Robert's testimony was not credible regarding his absence from the mediation, which apparently justified a conclusion that the various corporations have created an appearance of authority in Lott, Sr. However, in reviewing the record of this matter, we hold that the evidence does not support this conclusion. Even if the trial court found that Robert's assertion was not credible, that alone is not sufficient on the record before us to establish that Lott, Sr. had apparent authority to settle the corporate appellants' case. We believe that the change in ownership of Lott Company, the corporation's letter designating its representative regarding the agreement, the series of correspondence exchanged between Robert and David after September 1996, coupled with their actions associated with those matters, certainly call into question whether appellant corporations held Lott, Sr. out to the public as having the necessary authority, and further whether appellees could reasonably believe that Lott, Sr. had such authority. Furthermore, corporate appellants' prior actions in permitting Lott, Sr. to use the title of president while only a consultant was suggestive of certain authority for purposes of sales, not unlike David representing himself as a vice president of sales when he was working as a sales representative.
Additionally, the trial court apparently focused upon the mediator's words "do I have the decision makers present?" and the affirmative response to that question to establish the apparent authority to justify an agency by estoppel. It would appear that the reason for such a finding is that long-term counsel for the Lotts made no effort to correct the mediator's view. Despite the apparent conflict between the two versions with regard to what was stated in response to the mediator's question, the statement of Lott, Sr. to the effect that he would try to sell the settlement to the family does not appear to support this issue, and that view is reasonable in light of both the testimonial and documentary evidence presented in the instant case. Further, Lott, Sr.'s statement is consistent with the testimony of Robert that they previously would all have been included in any effort to direct the attorneys on the litigation. There is, in this record, documentary evidence of the Board of Directors' meeting of Lott, Inc. on April 30, 1999, indicating that the corporation, in fact, rejected the "proposed settlement agreement." Because we find that the facts of this case are insufficient to establish that apparent authority was created to justify an agency by estoppel, the appellants' assignments of error are well taken and sustained.
Consequently, we hold that the trial court erred in ordering that the judgment entry settling the case be filed. Based on our holding, we conclude that appellants' remaining assignments of error, which involve the alleged settlement agreement, are moot. Accordingly, the trial court's judgment is reversed and this cause is remanded to the trial court for further proceedings in accordance with law.
BRYANT and HADLEY, JJ., concur.